Filed 11/20/15  P. v. Ibarra CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D067378 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. SCS267211) |
| GERMAN IBARRA, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of San Diego County, Ana España, Judge.  Affirmed.

Elizabeth Garfinkle, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Sabrina Y. Lane-Erwin and Seth M. Friedman, Deputy Attorneys General, for Plaintiff and Respondent.

In November 2013, German Ibarra entered a guilty plea to felony vandalism (Pen. Code,[1] § 594, subds. (a), (b)(1)). He also admitted a serious/violent felony prior conviction (§ 667, subds. (b)-(i)). In February 2014, the court struck the prior and placed Ibarra on probation for three years.

On October 3, 2014, the probation department filed a notice to show cause why Ibarra's probation should not be revoked. On October 16, 2014, Ibarra denied the allegations and the court set an evidentiary hearing for November 14, 2014.

Following a contested evidentiary hearing, the court found Ibarra violated the terms of his probation and formally revoked probation. Later the court sentenced Ibarra to 16 months, the lower term of imprisonment. Ibarra was granted 448 days of custody credits.

Ibarra appeals raising several issues for the first time on appeal. He contends he was denied due process because he did not appear in court until 13 days following the revocation of probation by the probation department on October 3, 2014. Ibarra argues he was entitled to an "arraignment" on the notice to show cause within 10 days.

Ibarra also contends he was denied due process because he did not receive a probable cause hearing prior to the evidentiary hearing. Although Ibarra never objected to the procedure in the trial court or ask for a probable cause hearing or object to any dates set, he contends he was prejudiced by the denial of due process and we should overturn the revocation decision.

---

1       All further statutory references are to the Penal Code unless otherwise specified.

Appellate counsel recognizes the issues raised are technically moot, because he has served his term and there is no practical relief we can grant. However, counsel argues we should still consider the merits of the claims.

We are convinced the due process claims have been forfeited by failure to raise the issue in the trial court. In any event, we will determine Ibarra was not denied due process and to the extent there may have been an error, it was harmless beyond a reasonable doubt.[2]

## DISCUSSION

As we have noted, none of the issues presented on this appeal was ever raised in the trial court. There was literally no objection to any of the procedures followed by the trial court. Accordingly, we believe Ibarra has forfeited these issues on appeal. Although we are satisfied the claims have been forfeited, and are also moot, we will exercise our discretion and discuss the merits, out of an abundance of caution.

Essentially, Ibarra's contentions are based almost exclusively on *Williams v. Superior Court* (2014) 230 Cal.App.4th 636, decided by Division Three of this court, dealing with the procedures used by the Orange County Superior Court in *parole* revocation proceedings. However, this court has discussed the timing of *probation* revocation proceedings in *People v. Woodall* (2013) 216 Cal.App.4th 1221 (*Woodall*).

---

[2] Since Ibarra does not challenge the sufficiency or the admissibility of the evidence at the revocation hearing we will not include the traditional statement of facts. Further, the facts on which the revocation was based are not relevant to the resolution of the issues before us.

Following the reasoning of our court in *Woodall*, we will reject the due process arguments raised here.

## A.  *People v. Woodall*

In *Woodall, supra,* 216 Cal.App.4th 1221, the court addressed the due process rights of probationers to revocation hearings.  At page 1236, the court addressed whether *Morrissey v. Brewer* (1972) 498 U.S. 471 require both a probable cause hearing and a separate revocation hearing when authorities seek to revoke probation.  The court said:

> "When applying *Morrissey*'s principles to California's probation revocation proceedings, the courts have concluded that a trial court may summarily revoke probation to preserve jurisdiction and acquire physical custody of the offender, as long as the probationer is accorded a hearing or hearings that conform to *Morrissey* standards after being taken into custody.  [Citations.]  Further, although a preliminary probable cause hearing distinct from a final revocation hearing may be required in some cases, two hearings are not necessarily required in all cases.  (*People v. Coleman* (1975) 13 Cal.3d 867, 894-896.)  The *Coleman* court explained that *Morrissey* does not mandate the precise procedures that a state must follow, so long as ' "equivalent due process safeguards' assure that a probationer is not arbitrarily deprived of his conditional liberty for any significant period of time . . . ." ' (*Coleman, supra,* at pp. 894-895.)  For example, there is no need for a probable cause hearing if a final revocation hearing 'with its full panoply of *Morrissey* procedural rights occurs relatively soon after the probationer has been deprived of his conditional liberty,' or if a preliminary hearing held on new criminal charges committed by the probationer can serve as a preliminary revocation hearing as well." (*Woodall, supra,* at p. 1236.)

The court went on to interpret section 1203.2, subdivision (a)[3] relating to probation revocations.  The court found the statute facially constitutional and found it

---

3    Section 1203.2, subdivision (a)(5) states in relevant part:  "Upon such rearrest, or upon the issuance of a warrant for rearrest the court may revoke and terminate the

4

constitutional as applied to *Woodall*.  It found that "[t]he courts have long recognized that a probationer is entitled to a probable cause hearing or its functional equivalent if he or she is to be detained for any significant period of time before a final revocation hearing. [Citations.]  Given this well-established case authority, we construe section 1203.2 to impliedly require a probable cause hearing if there is any significant delay between the probationer's arrest and a final revocation hearing."  (*Woodall, supra,* 216 Cal.App.4th at p. 1237.)

### B.  *Williams v. Superior Court*

In *Williams* the court addressed the due process issues surrounding parole revocation proceedings after the realignment legislation placed responsibility for parole revocation proceedings in the courts.  The *Williams* case was a writ proceeding in which *Williams* complained about the scheduling of parole revocation proceedings in the Orange County Superior Court.  The *Williams* court, in part interpreting section 3044, determined that parolees are entitled to a probable cause hearing on parole revocations within 15 days.  (*Williams, supra*, 230 Cal.App.4th at pp. 658-660.)

The court then held, without reference to statute or case law that the Orange County Superior Court could, and must hold the final revocation hearings within 45 days.

---

[probation] if the interests of justice so require and the court, in its judgment, has reason to believe from the report of the probation . . . officer or otherwise that the person has violated any of the conditions of his or her [probation]."  Section 1203.2, subdivision (b)(1) states in relevant part:  "The court shall give notice of its motion [to revoke probation], and the probation . . . officer or the district attorney shall give notice of his or her petition to the [probationer]."  Subdivision (b)(2) of this section, provides in part: "The notice required by this subdivision may be given to the [probationer] upon his or her first court appearance in the proceeding."

5

(*Williams, supra*, 230 Cal.App.4th at p. 664.)  Additionally, the court held that the trial court must arraign the parolee within 10 days of his or her arrest.  (*Id.* at pp. 663-664.)

## C.  This Case

Ibarra contends *Williams, supra,* 230 Cal.App.4th 636 is controlling and that *Woodall, supra,* 216 Cal.App.4th 1221 was wrongly decided.  We decline to consider such argument on the record of this case.  First *Williams* was interpreting statutes principally aimed at parolees.  Section 3044, from which the court extracted the 15-day probable cause hearing deadline has no applicability to probation revocations.  *Williams* involved a writ proceeding challenging the procedure used by a single court system.  Here, however, Ibarra is challenging the procedure used, after the fact with no reasonable claim of prejudice.

Ibarra was informed of the basis of his probation revocation when he was arrested by the probation officer.  When Ibarra appeared in court 13 days later, he had counsel and obviously had been advised by counsel before the court proceedings.  Ibarra initially indicated he would admit the violation.  However, after lengthy discussion with the court and counsel elected to have an evidentiary hearing.  At the evidentiary hearing, Ibarra was represented by counsel, cross-examined the prosecution witness and testified in his own behalf.  Finally, Ibarra does not contend the evidence was insufficient to support the revocation.  Nor, does he challenge the admissibility of the evidence to prove the violation.  One must wonder, what possible prejudice did Ibarra suffer in this case?

Counsel argues that if Ibarra had the benefit of a probable cause hearing he could have developed a better challenge to the prosecution case.  Of course, nothing supports

6

that contention. At the risk of being overly repetitive, Ibarra, represented by counsel never complained about scheduling or contended there was a need for additional time or hearings. To argue he might have presented a better case had there been a probable cause hearing is to engage in utter speculation.

As we said in *Woodall* regarding the defendant in that case "[d]efendant has not pointed to anything in the record suggesting that when he arrived at the February hearing he was surprised at the reason he was there or the potential consequence of his probation violation. (See *People v. Hawkins* [(1975)] 44 Cal.App.3d [958,] 967 [" 'Neither the defendant nor his counsel objected that they had inadequate notice of the [probation violation] charges and thus, absent objection, we will not imply inadequate notice from a record which is silent as to exactly how the defendant was given notice of the charges.'].)" (*Woodall, supra*, 216 Cal.App.4th at p. 1239.)

DISPOSITION

The judgment is affirmed.


HUFFMAN, J.

WE CONCUR:


McCONNELL, P. J.


AARON, J.

7